The opinion of the Court was delivered by
Mr. Justice Nott.
The action of trover is a remedy by which a person recovers damages for the conversion of personal property, but not the property itself. It. *229 is a well known legal maxim, that a verdict in trover vests the property in the defendant, transit in rem judicatam. From the time of this verdict, therefore, the property belonged to the ant, and it would be very extraordinary that a person should be required to pay for the use of his own property. The verdict being in the alternative, malees no difference; for the Jury cannot find such a verdict without the consent of the plaintiff; and then it is optional with the defendant which alternative to choose. It does not weaken his right to the property. It is only a mode of payment offered by the plaintiff, which the defendant may accept or refuse as he may think proper. It is contended that by delivering up the negroes, he recognised the right of the plaintiff from the time of the verdict; but I cannot conceive it in that light: he recognised no right in, the plaintiff, except what the law gave him; that was a right to 800 dollars. He had no right to demand the specific property. I should rather conclude that the acceptance of it after-wards wras a satisfaction of the judgment.
But it is said justice requires that, after keeping the plaintiff out of his property, by various groundless and vexatious suits, he should pay him for the use of it. But let it be repeated that he did not keep him out of his property. He kept him out of his money, that is, the amount of the judgment; but the property belonged to defendant. Suppose the verdict had not. been in *230 the alternative, the plaintiff would not have been in a better situation than this decision places him; and the defendant’s situation ought not to be worse than it would have been in that case.. Suppose the defendant had paid up the judgment in money — could the plaintiff have sued for the labour of the negroes ? Certainly not: and delivering up the negroes, instead of paying the money, was only paying the same amount in a different way. The mode of payment could not alter the relative situation of the parties. . And allowing this verdict to stand, would be making a law for this particular class of cases, which would be applicable to no other. It would be giving to a plaintiff who had prevailed upon a J tfry to give him an alternative verdict; a privilege which a plaintiffin no other case possesses, while it would impose upon the defendant legal disabilities, to which defendants in no other cases are subjected. The vex-dict, therefore, must be set aside- and a nonsuit granted.
Grimlc'e, Bay, and Colcock, J. concuri'ed.
Johnson, and Gantt, J. dissented.